## SCHIRMER *v.* THE PEOPLE.

(November Term, 1863.)

1. CERTIORARI—*when awarded.* It is the uniform practice of this court to award a writ of *certiorari* when it is properly made to appear that there is a diminution of the record.

2. SAME—*means of information required of the party applying.* Upon an application by the State's attorney for a writ of *certiorari* in a criminal case, upon a suggestion of diminution of the record, it is enough that the State's attorney, who supported his application by his own affidavit, acquired his knowledge of the contents of the record in the court below, from the circuit judge who tried the cause, the record coming from a county not within the circuit of the State s attorney.

3. RULE TO JOIN IN ERROR—*pending a writ of certiorari.* Where a writ of *certiorari* has been awarded upon suggestion of diminution of record, at the instance of the defendant in error, a rule to join in error will not be entered until the writ is returned.

THIS was upon a writ of error to the Circuit Court of Randolph county.

The plaintiff in error, upon an indictment for murder, was tried in the court below, found guilty of manslaughter, and received his sentence in pursuance of the verdict of the jury.

The clerk of the Circuit Court certified the transcript which is filed in this court, to be a complete record of the case, containing a full and true history of the proceedings on the trial thereof, which appeared of record in his office.

The assignment of errors being duly made, Mr. THOS. G. ALLEN, on behalf of the plaintiff in error, moved for a rule upon the defendants to join in error within a reasonable time to be fixed by the court; and, thereupon,

Mr. T. S. CASEY, State's attorney, asked time to file an affidavit showing a diminution of the record, with the view of praying a writ of *certiorari;* and time was granted for that purpose. Subsequently, Mr. CASEY filed his affidavit, setting forth that he is informed and believes that the record filed in this cause is incomplete—that it does not show that the indictment upon which the plaintiff in error was tried, was returned into open court by the grand jury finding the same, or that the indictment was indorsed a true bill by the foreman of the grand jury, both of which facts affiant is informed do appear on record in the office of the clerk of the Circuit Court of Randolph county; that the affiant derives his information on the

subject from the presiding judge of said Circuit Court: and moved that a writ of *certiorari* be awarded.

Mr. ALLEN, in opposition to the motion, contended that, while it would be proper in a case where the transcript is certified to be a " complete record," to award the writ upon motion supported by affidavit, *positive* in its terms, that the record is incomplete, yet in this case the rule would not apply because the affidavit is insufficient — it does not aver the record to be incomplete, only from information obtained from the circuit judge.

Per CURIAM: The writ of *certiorari* must be awarded. Such has been the uniform practice in this court, whenever it has been made properly to appear that there was a diminution of the record. 1 Scam. 567; 2 id. 361; 2 id. 417; 2 id. 564; 3 id. 19.

The affidavit sufficiently presents that fact in this case. It is enough that the State's attorney acquired his knowledge of the contents of the record in the court below, from the circuit judge who presided on the trial of the cause, the record coming from a county not within his circuit.

It appearing that the plaintiff is in prison, the writ will be made returnable at as early a day as practicable during the present term.

*Certiorari awarded.*

Mr. ALLEN then asked if it would be proper to move for a rule upon the defendants to join in error.

Per CURIAM: Not until the return of the writ of *certiorari;* the defendants cannot be required to join in error upon an incomplete record.